Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| MUNICIPIO AUTÓNOMO DE GUAYNABO<br><br>Parte Peticionaria<br><br>v.<br><br>CP & ASSOCIATES, INC. Y OTROS<br><br>Parte Recurrida | TA2026CE00227 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso número: BY2023CV02461<br><br>Sobre: Sentencia Declaratoria, Acción de Nulidad de Contrato y Restitución, Cobro de Dinero y Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

## RESOLUCION

En San Juan, Puerto Rico, a 30 de abril de 2026.

Comparece ante *nos* el Municipio Autónomo de Guaynabo (Municipio o peticionario) y nos solicita que revisemos una *Resolución* emitida el 27 de enero de 2026 y notificada el 28 de enero de 2026, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Bayamón. Mediante el referido dictamen, el TPI declaró *Sin Lugar* la *Moción en Solicitud de Sentencia Sumaria Parcial* que presentó el Municipio.

Por los fundamentos antes expuestos, se *deniega* el auto de *certiorari.*

## I.

Surge del expediente ante *nos* que, el 8 de mayo de 2023, el Municipio presentó una *Demanda* en contra de CP & Associates, Inc. (CPA o recurrida). En apretada síntesis, adujo que la Oficina de Auditoría Interna del Municipio (OAI) advino en conocimiento de la

posible contratación para la realización de obras y proyectos de construcción, sin la documentación requerida para formalizar la misma. Arguyó que, la OAI llevó a cabo una evaluación de múltiples contratos municipales y sus enmiendas, suscritos entre el Municipio y CPA. Señaló que, específicamente, con el Contrato Núm. 2020-000778, otorgado el 10 de junio de 2020, no se acompañaron las pólizas de seguros de responsabilidad y cláusula de *Hold Harmless* a favor del Municipio, las Fianzas de Pago y Ejecución y la Póliza del Fondo del Seguro del Estado. Indicó, además, que la CPA incluyó información falsa sobre los números de la Póliza del Fondo del Seguro del Estado, Seguro de Responsabilidad y las Fianzas de Pago y Ejecución de las Obras.

Asimismo, planteó que junto a los Contratos Núm. 2020-000464 y 2019-000528, tampoco se presentaron las Fianzas de Pago y Ejecución. Así pues, esgrimió que los Contratos Núm. 2020-000464, 2020-000778 y 2019-000528, así como sus correspondientes enmiendas, son nulos *ab initio*. Por lo cual, solicitó la restitución de todo dinero pagado en atención a los contratos antes mencionados.

El 18 de septiembre de 2023, la parte recurrida presentó una *Contestación a Demanda, Reconvención y Solicitud de Imposición de Honorarios por Temeridad, Réplica a Solicitud de Remedio Provisional, Solicitud de Desestimación [...]*. Posteriormente, el 25 de septiembre de 2023, la parte peticionaria presentó una *Contestación a la Reconvención*.

Luego de varios incidentes procesales, innecesarios pormenorizar, el 16 de junio de 2025, el Municipio presentó una *Moción en Solicitud de Sentencia Sumaria Parcial*. En esta, solicitó que se declare ha lugar la solicitud de sentencia declaratoria, acción de nulidad de contrato y cobro de dinero, toda vez que el contrato 2020-000778 y sus enmiendas se hicieron sin dar cumplimiento a

requisitos de contratación cuya inobservancia conlleva, por mandato legislativo, la nulidad del contrato. Además, solicitó la devolución de los fondos públicos pagados por concepto de las obras realizadas bajo el contrato y que no se desembolsen los balances retenidos de cualquier suma adeudada a la parte recurrida.

En desacuerdo, el 7 de agosto de 2025, CPA presentó una *Oposición de la Demandante Reconvenida a la Solicitud de Sentencia Sumaria [...]*. Manifestó que, existen controversias materiales de hecho que impiden dictar sentencia sumaria. Esgrimió que, el Tribunal no contaba con todos los hechos para resolver el asunto sin una explicación clara de cómo y por qué el contrato debe considerarse nulo por las razones y fundamentos que mueven al Municipio a utilizar un informe de auditoría interna para retar un documento que goza de presunción y validez. Añadió que, el contrato objeto de la *Demanda* se perfeccionó y se ejecutó de conformidad con su objeto, consentimiento y causa.

El 11 de agosto de 2025, la parte peticionaria presentó una *Réplica a Oposición a Moción de Sentencia Sumaria Parcial*. Destacó que la oposición presentada por la parte recurrida no solo es inmeritoria, sino que no cumple con los requisitos básicos de la Regla 36.3 de Procedimiento Civil. Así, afirmó que CPA no controvirtió con documentos o declaraciones juradas los hechos identificados como hechos materiales no controvertidos en la solicitud de sentencia sumaria. Ante ello, el 9 de septiembre de 2025, la parte recurrida presentó una *Dúplica*.

En sintonía con esto, el 27 de enero de 2026, notificada el 28 de enero de 2026, el foro primario emitió una *Resolución* mediante la cual declaró *Sin Lugar* la *Moción en Solicitud de Sentencia Sumaria Parcial* que presentó el Municipio. Concluyó el foro primario que, no debe utilizarse el mecanismo de sentencia sumaria para resolver parcial o totalmente el caso. Añadió que, existen controversias

genuinas sobre hechos materiales que deben dilucidarse en una vista de juicio en su fondo.

El 23 de febrero de 2026, el Municipio compareció ante *nos* mediante un recurso de *Certiorari* y alegó la comisión del siguiente error:

> **ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA MOCIÓN DE SENTENCIA SUMARIA POR "… [ESTAR] CONVENCIDO QUE EXISTEN CONTROVERSIAS GENUINAS SOBRE HECHOS MATERIALES DEL CASO QUE DEBEN DILUCIDARSE EN UNA VISTA DE JUICIO EN SU FONDO" CUANDO CUENTA CON TODOS LOS HECHOS PARA PRONUNCIARSE SOBRE LAS CONTROVERSIAS MATERIALES QUE RESOLVERÍAN LA MSS A FAVOR DEL MUNICIPIO**.

Examinado el recurso ante nuestra consideración, el 25 de febrero de 2026, emitimos un *Resolución* mediante la cual le concedimos un término de diez (10) días a la parte recurrida para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. El 8 de marzo de 2026, la parte recurrida presentó una *Moción Inicial Mostrando Causa [...]*. Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

A. *Certiorari*

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra*. Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción

judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari.* Véase, *Scotiabank v. ZAF Corp.,* 202 DPR 478 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra,* dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación,* 165 DPR 311 (2005); *Meléndez Vega v. Caribbean Intl. News,* 151 DPR 649 (2000); *Lluch v. España Service Sta.,* 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los

asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 63, 215 DPR __ (2025), señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari,* por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago,* 176 DPR 559 (2009); *García v. Padró,* 165 DPR 324 (2005).  El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago,* 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las

determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra; S.L.G. Flores, Jiménez v. Colberg,* 173 DPR 843 (2008).

B. Sentencia sumaria

Como es sabido, la Regla 36 de Procedimiento Civil (32 LPRA Ap. V) regula todo lo relacionado a la moción de sentencia sumaria. *Cruz Cruz y otros v. Casa Bella Corp.,* 213 DPR 980 (2024); *Acevedo y otros v. Depto. Hacienda y otros,* 212 DPR 335 (2023). Dicho mecanismo procesal es utilizado en aquellos litigios que no presentan controversias genuinas de hechos materiales y que, por consiguiente, la celebración de un juicio en su fondo no es necesaria en la medida que solo resta por dirimir determinadas controversias de derecho. *Oriental Bank v. Caballero García,* 212 DPR 671 (2023). Véase, además, *Acevedo y otros v. Depto. Hacienda y otros, supra; SLG Fernández-Bernal v. RAD-MAN et al.,* 208 DPR 310 (2021). Según ha resuelto nuestro Tribunal Supremo, un hecho material es aquel que puede alterar la forma en que se resuelve una reclamación, de acuerdo con el derecho sustantivo aplicable. *Cruz Cruz y otros v. Casa Bella Corp., supra.*

El propósito que persigue el mecanismo de la sentencia sumaria es que los pleitos civiles sean solucionados de forma justa, rápida y económica. *González Meléndez v. Mun. San Juan et al.,* 212 DPR 601 (2023). Véase, además, *Acevedo y otros v. Depto. Hacienda y otros, supra; SLG Fernández-Bernal v. RAD-MAN et al., supra; Rodríguez Méndez v. Laser Eye et al.,* 195 DPR 769 (2016). Por tanto, quien promueva la sentencia sumaria deberá establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material. *Oriental Bank v. Caballero García, supra.* Así, la Regla 36.3 de Procedimiento Civil (32 LPRA Ap. V), establece cual

será el contenido y los requisitos de forma que deberán observarse tanto en la solicitud de sentencia sumaria que inste la parte promovente, como en la oposición que pueda presentar la parte promovida. *Acevedo y otros v. Depto. Hacienda y otros, supra*; *León Torres v. Rivera Lebrón*, 204 DPR 20 (2020).

Por ser la sentencia sumaria un remedio discrecional, el principio rector para el uso de este mecanismo es el sabio discernimiento del juzgador, ya que mal utilizada puede privar a una parte de su día en corte, principio elemental del debido proceso de ley. *Jusino et als. v. Walgreens*, 155 DPR 560 (2001). Así pues, un tribunal podrá emitir una sentencia sumaria si de las alegaciones, deposiciones, contestaciones, interrogatorios y admisiones ofrecidas, junto a las declaraciones juradas – según fueran ofrecidas – surge que no existe una controversia real sustancial en cuanto a ningún hecho material, restando entonces resolver la controversia en estricto derecho. *Acevedo y otros v. Depto. Hacienda y otros, supra*; Regla 36.3 de Procedimiento Civil, *supra*. Así pues, resulta esencial que de la prueba que acompaña la solicitud de sentencia sumaria surja de manera preponderante que no existe controversia sobre los hechos medulares del caso. *Cruz Cruz y otros v. Casa Bella Corp., supra.*

Así, para sostener u oponerse a una petición de sentencia sumaria las partes podrán presentar, entre otras, las siguientes piezas de evidencia: certificaciones, documentos públicos, admisiones de la parte contraria, deposiciones, contestaciones a interrogatorios, declaraciones juradas o affidavits, y hasta prueba oral. *Acevedo y otros v. Depto. Hacienda y otros, supra,* citando a R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis, 2017, pág. 318. Nuestro máximo Foro ha sido enfático en que, cuando una parte acompaña su solicitud u oposición de sentencia sumaria de una o varias

declaraciones juradas, estas deben cumplir con las disposiciones especiales pautadas en la Regla 36.5 de Procedimiento Civil (32 LPRA Ap. V). *Acevedo y otros v. Depto. Hacienda y otros, supra.*

A esos efectos, se requiere que las declaraciones juradas demuestren afirmativamente el conocimiento personal y la calificación del testigo, también se requiere que se presenten únicamente hechos admisibles como evidencia en un juicio. Hernández Colón, *op. cit.* pág. 319. Por consiguiente, cuando la solicitud de sentencia sumaria está apoyada en una o varias declaraciones juradas, dicha prueba no podrá contener solo conclusiones sin hechos específicos que las sustenten. *Acevedo y otros v. Depto. Hacienda y otros, supra.* Lo anterior, serían meras conclusiones reiterando las alegaciones de la demanda y, por tanto, prueba insuficiente y sin valor probatorio. *Íd.* citando a J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Pubs. J.T.S., 2000, T. I, págs. 615-616.

El Tribunal Supremo de Puerto Rico ha sido enfático en que, el hecho de que la parte promovida no presente prueba que controvierta la evidencia presentada por la parte promovente de la moción de sentencia sumaria, no implica que dicha moción procederá automáticamente si efectivamente existe una controversia sustancial sobre hechos materiales. *Acevedo y otros v. Depto. Hacienda y otros, supra*; *SLG Fernández-Bernal v. RAD-MAN et al., supra.* Ahora bien, nuestro máximo Foro ha reiterado que una moción de sentencia sumaria no procederá cuando: (1) existen hechos materiales controvertidos (2) hay alegaciones afirmativas en la demanda que no han sido refutadas (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material, o (4) como cuestión de derecho no procede. *Acevedo y otros v. Depto. Hacienda y otros, supra.* Véase,

además, *SLG Fernández-Bernal v. RAD-MAN et al.*, *supra*; *Vera v. Dr. Bravo*, 161 DPR 308 (2004).

De igual forma, el mecanismo de sentencia sumaria no es utilizable cuando existen controversias de hechos materiales sobre elementos subjetivos de intención, propósitos mentales o negligencia. *Cruz Cruz y otros v. Casa Bella Corp.*, *supra*. Véase, además, *Acevedo y otros v. Depto. Hacienda y otros*, *supra*; *Velázquez Ortiz v. Mun. de Humacao*, 197 DPR 656 (2017); *Ramos Pérez v. Univisión*, 178 DPR 200 (2010); *Soto v. Hotel Caribe Hilton*, 137 DPR 294 (1994). Sin embargo, nada impide que se utilice el mecanismo de sentencia sumaria en reclamaciones que requieran elementos subjetivos o de intención cuando de los documentos a ser considerados en la solicitud de sentencia sumaria surge la inexistencia de controversia en torno a los hechos materiales. *Cruz Cruz y otros v. Casa Bella Corp.*, *supra*.

Además, puntualizamos que al momento de atender una solicitud de revisión de sentencia sumaria los foros apelativos estamos llamados a "examinar el expediente de *novo* y verificar que las partes cumplieron con las exigencias" pautadas en las Reglas de Procedimiento Civil. *Acevedo y otros v. Depto. Hacienda y otros*, *supra*; *SLG Fernández-Bernal v. RAD-MAN et al.*, *supra*; *Rivera Matos et al. v. Triple-S et al.*, 204 DPR 1010 (2020). Según ha establecido el Tribunal Supremo, este Tribunal está limitado a: (1) considerar los documentos y argumentos que se presentaron ante el foro primario (lo cual implica que, en apelación, los litigantes no pueden añadir prueba que no fue presentada oportunamente ante el tribunal de instancia ni esbozar nuevas teorías); (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y (3) determinar si el derecho se aplicó de forma correcta. *González Meléndez v. Mun. San Juan et al.*, *supra*. Así pues, los foros apelativos estamos en la misma posición que los tribunales de

instancia y se utilizan los mismos criterios para evaluar una solicitud de sentencia sumaria. *Íd.* Véase, además, *Cruz Cruz y otros v. Casa Bella Corp.*, *supra.*

**III.**

En su recurso, la parte peticionaria sostiene que erró el TPI al declarar *No Ha Lugar* la *Moción en Solicitud de Sentencia Sumaria Parcial* por estar convencido que existen controversias genuinas sobre hechos materiales del caso que deben dilucidarse en una Vista de Juicio en su Fondo, cuando cuenta con todos los hechos para pronunciarse sobre las controversias materiales que resolverían la solicitud de sentencia sumaria a su favor.

A la luz del marco jurídico enunciado, nuestro ámbito jurisdiccional respecto a la revisión de asuntos interlocutorios en casos civiles está delimitado, en primer lugar, a lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra.*

Así pues, luego de evaluar la totalidad del expediente y tras examinar de *novo* la *Moción en Solicitud de Sentencia Sumaria Parcial* y su oposición y luego de analizada la totalidad de las circunstancias del caso, es nuestra apreciación que no se configuran ninguna de las excepciones que justificaría la expedición del auto de *certiorari* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* Así, los fundamentos aducidos en el recurso presentado, no nos mueven a activar nuestra función discrecional en el caso de epígrafe. Esto, pues no nos encontramos ante una determinación que configure abuso de discreción, prejuicio, parcialidad o error craso y manifiesto que amerite nuestra intervención revisora. Tampoco la parte peticionaria nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un fracaso de la justicia.

Por lo tanto, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

**IV.**

Por los fundamentos antes expuestos, *denegamos* la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones